```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JOSEPH A. BUFFEY,

       Petitioner,

v.                                    Criminal Action No. 5:12CV58
                                                          (STAMP)
DAVID BALLARD, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE AS
PRESENTED BUT DISMISSING HABEAS PETITION;
DENYING UNOPPOSED MOTION FOR STAY; AND
GRANTING MOTION TO EXCEED PAGE LIMITATION**

## I.  Background[1]

In January 2002, the Harrison County, West Virginia grand jury returned two indictments against the petitioner, Joseph A. Buffey ("Buffey"), charging him with one count of burglary, one count of robbery, five counts of sexual assault in the first degree, one count of assault during the commission of a felony, one count of kidnaping, three counts of breaking and entering, one count of petit larceny, and one count of destruction of property.[2]  The

---

[1] In his report and recommendation, the magistrate judge provided a brief summary of a voluminous and complex record in this case, focusing on the relevant facts and procedural history.  In his objections, the petitioner does not dispute the accuracy of this portion of the report and recommendation.  Thus, this opinion offers a similar condensed version of the background of this case, while recognizing that a more complete history and evidentiary record may become necessary to the consideration of the petitioner's claim in the future.

[2] These charges arose out of an incident that occurred on November 30, 2001 in Clarksburg, West Virginia.  During the early morning hours, an elderly woman who lived alone was awakened by an

petitioner eventually pleaded guilty to one count of robbery in the first degree and two counts of sexual assault in the first degree. In exchange for his guilty plea, the State dismissed the remaining counts of the indictments. On May 21, 2002, the Circuit Court of Harrison County accepted the petitioner's plea of guilty and sentenced him to forty years for the offense of robbery in the first degree. That court further sentenced the petitioner to an indeterminate sentence of not less than fifteen years, nor more than thirty-five years for each of the offenses of sexual assault in the first degree. Each of the sentences was ordered to run consecutively, for a total sentence of seventy years.

    The petitioner did not file a direct appeal, but he did file a state habeas corpus petition shortly after his sentencing. In support of his state habeas petition, the petitioner argued that his constitutional rights were violated due to ineffective assistance of counsel and prosecutorial and police misconduct. The petitioner also asserted that there may have been other evidence of reversible and prejudicial errors, but that he needed the assistance of counsel to raise these issues. After counsel was appointed for the petitioner in his state habeas proceeding, counsel for the petitioner filed an amended petition raising the claim that newly discovered evidence in the form of DNA test

---

intruder standing beside her bed. The intruder forced her at knife point to the downstairs portion of her house in search of money and then forced her back upstairs to the bedroom where he sexually assaulted her a number of times.

results indicated that the petitioner was excluded as a match for the DNA evidence collected from the victim.

After conducting an omnibus hearing, during which each testifying expert agreed that the DNA test results were "inconclusive," the court denied the petitioner's state habeas petition on the merits. The West Virginia Supreme Court of Appeals refused the petitioner's appeal of that order. The petitioner then filed a second state habeas petition based on newly discovered evidence -- specifically, exculpatory DNA test results that he alleged establish his actual innocence. That petition is currently still pending.

On September 19, 2005, the petitioner filed a federal habeas petition, reiterating many of the claims of constitutional violations that he asserted in his state habeas petition. The petitioner also argued that the lower court's failure to reverse his guilty plea based upon the discovery of new evidence (DNA test results) violated the Constitution and was clearly wrong. This petition was considered on the merits and dismissed with prejudice on March 29, 2007. In making his decision, the magistrate judge relied on the state's court findings as to the inconclusive nature of the prior DNA testing. On March 29, 2007, the district court adopted the magistrate judge's recommendation and dismissed the petition. The petitioner did not appeal that decision.

The petitioner filed the instant petition on April 25, 2012. Through counsel, the petitioner alleges that new scientific

3

evidence proves that both his confession and guilty plea were false. According to the petitioner, DNA testing conducted pursuant to West Virginia's Right to DNA Testing Act, W. Va. Code § 15-2B-14, establishes his actual innocence. Specifically, the petitioner asserts: (1) his conviction is invalid because he is actually innocent of the crimes for which he was convicted; (2) he was deprived of effective assistance of counsel when his appointed attorney failed to conduct a minimally adequate factual investigation into his innocence before advising him to plead guilty; (3) he was deprived of effective assistance of trial counsel when his appointed attorney failed to move to suppress, or otherwise challenge, his confession; (4) the State obtained his guilty plea through the presentation of grand jury testimony that it knew was false and/or misleading; (5) to the extent the West Virginia state court procedures for post-conviction relief are construed to deny relief to a petitioner such as him, they are unconstitutional because they violate due process; and (6) his conviction is invalid because the State failed to disclose exculpatory evidence that would have changed the outcome of the proceedings.

After conducting a preliminary review of the file pursuant to Local Rule of Prisoner Litigation Procedure 83.09, United States Magistrate Judge John S. Kaull issued a report and recommendation recommending that the petitioner's petition for habeas corpus be dismissed because it is a successive petition and the petitioner

has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition. The magistrate judge further recommended that the petitioner's motion for stay and abeyance be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation. On May 25, 2012, after receiving an extension of time, the petitioner filed objections to the report and recommendation. In conjunction with his objections, the petitioner also filed a motion to exceed the page limitation, in which he seeks leave of this Court to file objections that total sixteen pages. For the reasons set forth below, this Court declines to affirm and adopt the report and recommendation of the magistrate judge as presented, but dismisses the habeas petition, denies the unopposed motion to stay, and grants the motion to exceed the page limitation.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). The petitioner has filed objections in

5

this case.  Thus, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III.  Discussion

The report and recommendation addresses two key questions: (1) whether the subject petition is procedurally defaulted because it is a second or successive petition within the meaning of 28 U.S.C. § 2244; and (2) whether the petition was filed without the petitioner first moving the United States Court of Appeals for the Fourth Circuit for an order pursuant to 28 U.S.C. § 2244(b)(3)(A) authorizing this Court to consider the application.  After considering the arguments and case law presented by the petitioner, the magistrate judge concludes: (1) there is no precedent from the Supreme Court or the Fourth Circuit which clearly authorizes a district court to make a threshold determination that a petition such as Buffey's is not a second or successive petition under § 2244(b); and (2) because Buffey did not obtain an order from the Fourth Circuit authorizing this Court to consider the petition prior to its filing, this Court is without jurisdiction to now consider the petition.

In his objections to the report and recommendation, the petitioner argues that both of the magistrate judge's legal conclusions are incorrect.  First, the petitioner contends that this Court does, in fact, have the authority to consider the threshold question of whether a habeas petition is second or

successive under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Second, the petitioner asserts that the magistrate judge incorrectly concluded that even if the instant petition were to be deemed second or successive under the AEDPA, it is automatically subject to dismissal because Buffey has not yet sought a ruling from the Fourth Circuit as to whether he meets one of the authorized grounds to proceed. This Court will address each of those objections in turn.

A. Statutory Framework

The AEDPA imposes strict limits on the consideration of "second or successive" habeas petitions, which are codified in 28 U.S.C. § 2244. "Before filing such a petition in the district court, the applicant must obtain leave to do so from the court of appeals." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). Leave to file a second or successive petition "may be granted only if the proposed habeas petition contains at least one claim that (a) rests on a new rule of constitutional law, made retroactive by the Supreme Court, or (b) rests on a previously undiscoverable factual basis that would demonstrate the applicant's innocence by clear and convincing evidence." Id. (citing 28 U.S.C. § 2244(b)(2); United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003)).

As the Fourth Circuit has explained, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." Id. Rather, to be considered successive,

the second petition must be a second attack on the same conviction, and the first petition must have been finally adjudicated on the merits. See In re Williams, 444 F.3d at 236. A claim presented in a second or successive habeas petition that was not presented in a prior petition "shall be dismissed," unless the petitioner can show that he satisfies one or both of the statutorily enumerated exceptions. See 28 U.S.C. § 2244(b)(2). However, the strict procedural regime and substantive standards of § 2244 only apply if the petitioner's current petition is "second or successive" within the meaning of the AEDPA. Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005).

B. <u>Requirement that Court Make Threshold Determination Whether Petition is Second or Successive in Order to Determine Jurisdiction or Lack Thereof</u>

The report and recommendation correctly states that Buffey's April 25, 2012 petition is the numerically second federal habeas petition he has filed regarding his underlying claim that DNA evidence excludes him as the perpetrator of the crime and that he is actually innocent. The magistrate judge also notes that Buffey's first § 2254 petition was dismissed on the merits. The petitioner argues that his current petition is based on DNA test results that were obtained using advanced DNA technology that was unavailable at the time of the earlier proceedings, and therefore, it is not a second or successive petition within the meaning of § 2244. The magistrate judge acknowledges that at the time of the filing of his first petition, Buffey may not have had a way to know

that five years later, a new and better DNA test would seemingly exonerate him. Thus, the magistrate judge declines to rule on the issue of whether the instant petition is a second or successive petition within the meaning of § 2244. Instead, the magistrate judge concludes that it is for the Fourth Circuit Court of Appeals to determine whether a claim based upon new DNA analysis and results that were not available when the first petition was denied on the merits can be classified as non-successive.

The petitioner objects to this conclusion, arguing that the Supreme Court has made clear that district courts have jurisdictional authority to make the threshold determination of whether a petition is second or successive. Citing to various Supreme Court cases, the petitioner asserts that the Supreme Court has never suggested that it is jurisdictionally improper for the district court to entertain the question of whether a petition is second or successive.

This Court recognizes that "[w]hen a second or successive habeas petition is filed in a district court without the permission of the Court of Appeals, the District Court's only option is to dismiss the petition or transfer it to the appropriate Court of Appeals pursuant to 28 U.S.C. § 1631." Hatches v. Schultz, 381 F. App'x 134, 136-37 (3d Cir. 2010). However, this rule prohibiting the district court from considering the merits of a second or successive petition does not preclude the district court from first answering the threshold question of whether the petition is, in

fact, second or successive. In Hatches, the United States Court of Appeals for the Third Circuit held:

> In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether [the petitioner] had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law.

Id. at 137; see also Thomas v. Superintendent/Woodbourne Corr. Facility, 136 F.3d 227, 228 (2d Cir. 1997) (instructing a district court to determine whether a petition was second or successive by considering "whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior petition."); Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996) (stating that when considering a transfer pursuant to § 1631, the district court should consider the fact that there will be some delay between the filing of the petition for habeas corpus relief in the district court, and that court's ascertainment that it is presented with a second or successive petition).

The Fourth Circuit has held that "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Winestock, 340 F.3d at 205 (citing Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000)). However, Winestock does not stand for the proposition that the district court is barred from classifying a petition as second or successive. In fact, the court stated in

Winestock that "[t]he court of appeals must examine the application to determine whether it contains any claim that satisfies § 2244(b)(2)." Id. This language suggests that if a petition is initially found to be second or successive by the district court, the role of the court of appeals is to then determine if it falls within one of the statutory exceptions that would allow it to survive dismissal. The exclusive jurisdiction provision of § 2244(b)(3) -- which reserves to the courts of appeals the question of whether a petition already found to be successive should nonetheless be authorized to proceed -- does not prevent this Court from first determining whether the petition is second or successive at all. See Scott v. United States, 761 F. Supp. 2d 320, 326 (E.D. N.C. 2011) (finding that the petitioner's claim that his drug trafficking conviction was the result of fabricated evidence, based upon after-acquired evidence arising from the prosecution of officers involved in the case, was not a "second or successive" § 2255 motion). Thus, this Court declines to affirm and adopt the magistrate judge's finding that the district court lacks jurisdiction to make a threshold determination as to whether a habeas corpus petition is second or successive. See Cooper v. Fox, No. 3:10-cv-01119, 2011 WL 7138912, at *2 (S.D. W. Va. Nov. 9, 2011) (deciding first the "threshold question" of whether or not the instant petition qualified as "second or successive" under § 2244(b), then concluding that because the petition is second or successive, the district court has no jurisdiction to consider it).

This Court finds that it has a duty to make the initial determination as to whether the petition is second or successive, and if it is, dismiss the case for lack of jurisdiction. Then, only if the court of appeals grants the required authorization, can this Court decide the merits of the second or successive claims.

The magistrate judge declined to answer the question of whether Buffey's motion is second or successive. This Court, however, finds that this petition should be categorized as second or successive because Buffey's claim that DNA test results constitute newly discovered evidence that exonerates him is the same claim that was previously presented in his 2005 federal habeas petition, which was dismissed on the merits. This Court agrees with the magistrate judge that there is no case law from the Fourth Circuit discussing the gatekeeping provisions of 28 U.S.C. § 2244(b) with respect to a second petition filed based upon advanced DNA analysis and results that were not available when the first petition was denied on the merits. However, in In re McGinn, 213 F.3d 884, 885 (5th Cir. 2000), the Fifth Circuit held that the habeas petitioner was not entitled leave to file a successive writ on the ground that improved DNA testing was available. In that case, the petitioner sought authorization to re-test physical evidence, arguing that developing science enhanced the possibility of a better DNA test compared to the DNA testing used at the time of his original trial. Id. The court held that the petitioner had failed to make a submission that any testing methods developed in

the five years following the testing done for trial were not available to allow timely submission to the court at the time of his first petition. Id. The Fifth Circuit did not reach the issue of whether the petitioner could meet the statute's innocence requirement. Id. As the Fifth Circuit explained, it is not this the court's intention to "look away from exculpatory evidence with . . . potential explanatory power." Id. But, as in In re McGinn, Congress has withheld jurisdiction from this Court to grant the requested relief here.

C.   Authority to Transfer Petition to Fourth Circuit

In his report and recommendation, the magistrate judge also held that the petitioner's failure to obtain an order from the Fourth Circuit, prior to filing, authorizing this Court to consider his petition prevents this Court from considering his petition. The petitioner counters that if and when this Court determines that his petition is second or successive, it may then be transferred to the Fourth Circuit, where the petitioner must show that his case satisfies one or both of the exceptions provided by § 2244(b)(2). At that time, argues the petitioner, the Fourth Circuit would consider whether a reasonable factfinder would have convicted the petitioner in light of the new DNA evidence. The report and recommendation, as well as the petitioner's objections, also reference the possibility of transferring the case pursuant to 28 U.S.C. § 1631. Both the magistrate judge and the petitioner acknowledge that the Fourth Circuit has yet to expressly apply

§ 1631 to a scenario such as this, where a second or successive petition would be transferred from the district court where filed to the court of appeals without prior dismissal.

This Court sees no reason to apply the transfer provisions of § 1631 to this case. The Fourth Circuit has explained that when the district court receives a petition with repetitive claims, the appropriate solution is to "afford the prisoner the choice of 'seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization.'" Winestock, 340 F.3d at 205-06 (quoting Pennington v. Norris, 257 F.3d 857, 858 (8th Cir. 2001)). Because this Court has determined that the petitioner's habeas petition is second or successive, the petitioner may now seek authorization from the court of appeals for his claims, or amend his petition to delete those second or successive claims.

D. Unopposed Motion for Stay

In his objections, the petitioner argues that because the parallel state court proceedings in this case are ongoing, this Court should stay this civil action. According to the petitioner, neither this Court nor the Fourth Circuit should consider the important questions presented in this case while development of the factual record is still in progress in the state court. Moreover, the petitioner asserts that this federal habeas petition will be entirely moot if the state court grants relief. The petitioner

14

represents that the respondent does not object to an order of this Court directing the entire federal petition to be stayed pending the outcome of the state court proceedings.

Although both parties agree that it would be an unnecessary expenditure of this Court's resources for it to decide these complex and fact-bound questions of federal habeas procedure at the present time, this Court finds that it lacks jurisdiction to consider the motion to stay. See Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1303-04 (11th Cir. 2002) (affirming the district court's denial of petitioner's motion for a stay of execution in connection with a second or successive habeas corpus claim for lack of jurisdiction). Accordingly, the motion to stay must be denied.

## IV. Conclusion

For the reasons stated above and based upon a de novo review, this Court concurs in the result reached by the magistrate judge, but DECLINES TO AFFIRM AND ADOPT the report and recommendation, as presented. (ECF No. 7.) Accordingly, the petition is DISMISSED. The petitioner may seek leave of the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. This Court AFFIRMS and ADOPTS the magistrate judge's recommendation that the motion for stay and abeyance (ECF No. 3) be DENIED. Further, this Court DENIES the petitioner's unopposed motion to stay proceedings for lack of jurisdiction. The petitioner's motion to exceed page limitations (ECF No. 17) is GRANTED. It is further

15

ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation omitted); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When a district court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components: (1) the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling; and (2) the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. Id. at 484. To obtain a certificate of appealability, the petitioner must satisfy both components. Id. at 484-85.

As stated above, this Court concludes that Buffey's petition is a second or successive petition that has not been authorized by the court of appeals. Buffey has not established that jurists of reason could debate the correctness of this procedural ruling to dismiss Buffey's unauthorized second or successive petition for lack of jurisdiction. Accordingly, the petitioner is DENIED a

certificate of appealability. This Court notes the distinction between the certificate of appealability requirement of § 2253, as described by Miller-El v. Cockrell, and the authorization for a second and successive petition requirement of § 2244. See United States v. Hardin, 481 F.3d 924, 925-26 (6th Cir. 2007) (stating that a certificate of appealability pursuant to § 2253 is a separate procedural hurdle from the authorization required under § 2244 to file a second or successive habeas petition). This Court's denial of a certificate of appealability applies to the former, not the later.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 5, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE